IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MOISES HERNANDEZ-RAMIREZ<br>Petitioner<br>vs<br>MIGUEL A. PEREIRA-CASTILLO<br>CANTEEN CORRECTIONAL<br>SERGEANT FALCON<br>Respondents | CIVIL 08-1282CCC |

## OPINION AND ORDER

This is an action for damages pursuant to 42 U.S.C. §1983 filed by Moisés Hernández-Ramírez an inmate of a penal institution operated by the Administration of Corrections of Puerto Rico (Corrections) against Miguel Pereira Castillo, Corrections Administrator, the Canteen Correctional Services (CCS), and Sgt. Juan C. Falcón.

Petitioner alleges that on July 15, 2007, the Corrections Canteen served him soup which contained beef, which he cannot eat due to his health condition. He states that he was sickened by the meat and asked to be taken to the medical area. Petitioner alleges that Sgt Falcón refused to allow him to be taken there because he did not deem it to be an emergency. Hernández was not taken to the medical area until July 17, 2007 after which he was taken to a hospital where he was treated. He seeks damages for the suffering he experienced due to nausea, diarrhea, and headache caused by Sgt. Falcón's negligence in allowing him to receive treatment.

This action is now before us on three Motions to Dismiss filed by CCS, Falcón and Pereira (**docket entries 17, 19 and 20,** respectively**).** Petitioner did not oppose the motions. Because the motions all raise the defense that petitioner fails to state a claim for violation of his civil rights, and said issue is dispositive in this case, we address the motions together.

CIVIL 08-1282CCC                                        2

**Motion to Dismiss Standard**

When addressing a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept as true all well-pleaded factual averments and indulge all reasonable inferences in the plaintiff's favor." Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996). Dismissal under Rule 12(b)(6) is "appropriate if the facts alleged, taken as true, do not justify recovery." *Id*. The standard is not quite as feeble as first appears:

> The pleading requirement . . . is not a 'toothless tiger.' [Citations omitted]. The threshold for stating a claim may be low, but it is real. [Citations omitted]. In order to survive a motion to dismiss, plaintiffs must set forth factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery. [Citations omitted]. Although all inferences must be made in the plaintiffs' favor, this Court need not accept 'bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like.'

[Citations omitted.] *Id*. To put it simple, the Court must look leniently at the allegations in the petitioner's complaint and determine if those allegations "can reasonable admit a claim." Id. Petitioner must set forth in the complaint "factual allegations, either indirect or inferential, regarding each material element, necessary to sustain recovery under some actionable theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). The facts alleged in such a complaint must still be sufficient to state a claim. See Hughes v. Rowe, 449 U.S. 5, 10 (1980); Barr v. Abrama, 810 F.2d 358, 363 (2nd Cir. 1987).

**Analysis**

The Eighth Amendment protects prisoners against the infliction of cruel and unusual punishment by the government. The failure to provide necessary medical attention to a prisoner can, in certain circumstances, be a violation of Eighth Amendment rights. See, generally, DesRosiers v. Morán, 949 F.2d 15 (1st Cir. 1991). When, as here, a convict claims that state prison officials violated the Eighth Amendment by withholding essential health care,

CIVIL 08-1282CCC					3

he must prove that the defendants' actions amounted to "deliberate indifference to a serious medical need."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

> Deliberate indifference is conduct that offends evolving standards of decency in a civilized society. As such, it has both an objective component (was there a sufficiently serious deprivation?) and a subjective component(was the deprivation brought about in wanton disregard of the inmate's rights?)....
>
> In evaluating the quality of medical care in an institutional setting, courts must fairly weigh the practical constraints facing prison officials. Moreover, inadvertent failures to provide medical care, even if negligent, do not sink to the level of deliberate indifference.

DesRosiers, supra, at 18-19 (citations omitted).

In order to establish deliberate indifference, the officials must have a culpable state of mind and intended wantonly to inflict pain.  See, Wilson v. Seiter, 501 U.S. 294 (1991). While this mental state can aptly be described as "recklessness," it is reckless not in the tort-law sense but in the appreciably stricter criminal-law sense, requiring actual knowledge of impending harm, easily preventable.  DesRosiers, supra, at 19.

Applying this standard to petitioner's factual scenario, there are no facts alleged that would bring the negligent actions set forth in the complaint within the parameters of a constitutional violation.

For the above-stated reasons, the Motions to Dismiss **(docket entries 17, 19 and 20)** are GRANTED, and this action is Dismissed.

SO ORDERED.

At San Juan, Puerto Rico, on June 22, 2009.

						S/CARMEN CONSUELO CEREZO
						United States District Judge